## GRADY et al. v. EARLY et al.

THE mining claim in this case, being a claim on a river bar, is sufficiently described in the complaint. See facts.

Where, in a civil case, Taylor, a juror, had been accepted by both parties, and subsequently, during the examination of another juror, the fact came out that there had been a former trial of forcible entry and detainer for the same ground now in dispute, and Taylor then of his own accord stated that the title to the ground had been spoken of in the forcible entry case, and that his mind was made up as to the title; and the plaintiffs thereupon challenged Taylor for cause, and the Court excused him, defendants resisting, on the ground that it was too late: *Held*, that there is no error; that where the Court below exercised its discretion in excusing a juror to attain justice, this Court would interfere with great reluctance.

In ejectment for mining claims and for damages, defendants, entry being laid October 31st, 1859, and the suit brought in March, 1860, plaintiff called as a witness W., who was one of the owners of the claims from the fall of 1858 to February, 1860, when he sold to plaintiff, during which time the damages accrued: *Held*, that the witness was competent as against the objection that he was interested, because a recovery by plaintiff would not necessarily give a right of action to the witness for damages accruing before the conveyance and recovery; and the record of such recovery would not be conclusive, if any proof of his title.

In ejectment, plaintiffs may rely on prior possession, and the legal title is not necessarily involved. And a judgment in favor of plaintiff, even on the title, is conclusive, at most, of the title of plaintiff only, and not of his grantor.

APPEAL from the Eleventh District.

Ejectment for mining claims, set out in the complaint as "a certain tract or parcel of mining ground located on the middle fork of the American river, at the mouth of Mad Cañon, township number six, Placer county, State aforesaid; described as follows, to wit: Lying on New York Bar, at the mouth of said Mad Cañon afore-

said, fronting said American river, and bounded on the south by said river at low water mark, said claim being in front one hundred and twenty-feet, more or less; and on the easterly by a tract of mining claims known as the Carr claims; and on the westerly by a tract of mining claims known as the New York Bar claims and the Rich claims; and northerly by claims known as the Bank claims. Said claims of plaintiffs above described being one hundred and twenty feet in width, more or less, and extending back across New York Bar in length three hundred feet, more or less, and further known as the Dutch claims."

The complaint alleged ownership and possession in plaintiffs and their grantors since 1852, until the ouster by defendants, which is laid in October, 1859; and that defendants have wrongfully extracted large amounts of gold from the premises entered upon, and appropriated it to their own use, to the great damage, etc.

There is also a special averment that "defendants, since the time last mentioned, have taken large quantities of gold dust from plaintiffs' mining ground last described, to wit: gold dust of the value of three thousand dollars, as plaintiffs are informed and believe."

Defendants demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action; that it is ambiguous, unintelligible, and uncertain.

The substance of the answer is, that defendants are the owners of the New York claims, on the same bar with plaintiffs' claims, known as the "Dutch claims," but that these latter do not and never did embrace the New York claims, excepting perhaps about twenty feet on the upper end thereof; that defendants have never been in possession of any of plaintiffs' claims, and that they and their grantors have occupied their own claims for the last four years.

At the trial, one Taylor was called as a juror, and accepted. Subsequently, during the examination of another juror, the fact that there had been a former forcible entry and detainer suit for the same ground was elicited from him, whereupon Taylor stated that "his mind was made up; that the title had been spoken of in the forcible entry case, and that his opinion was concluded on the

title." This statement of Taylor was of his own motion, and not in response to any question or suggestion from either party. Plaintiffs then challenged Taylor for cause, defendants resisting, on the ground that it was too late. Juror excused by the Court, defendants excepting.

Among the witnesses for plaintiffs was Paul Wagoner, who stated on his *voir dire* that he was an owner in the Dutch claims from the fall of 1858 to February, 1860, during the time the alleged damages accrued, and that at the latter date he sold to some of the plaintiffs. Defendants objected to witness, on the ground of interest and incompetency. Before the question was passed upon, plaintiffs obtained leave to strike from their complaint their claim for damages, which they did by striking out the special averment on that subject, hereinbefore given. After this, plaintiffs did not claim damages, offered no testimony to that end, and the jury were charged to give none. Defendants still insisted on their objection to the witness, on the ground of interest. Overruled, defendants excepting. Verdict and judgment for plaintiffs.

Defendants appeal.

*Tuttle & Hillyer*, for Appellants.

*Hereford & Long*, for Respondents.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

1. The first objection is to the complaint, because the premises, a mining claim, are not described with sufficient definiteness. The point is not well taken.

2. There is no good objection to the excusing of the juror. The statement by the juror was sufficient to justify the Court in discharging him. The object is to get a fair and impartial trial; and in civil cases we should interfere with great reluctance with the discretion of the Court in excusing a juror when it thought the purposes of justice were to be subserved by excusing him. Except under very peculiar circumstances, it is difficult to see how the erroneous exercise of a mere discretion in excusing a juror in a civil case could operate to the prejudice of a party. We see no error in the ruling in this case.

3. It is not apparent that the witnesses were incompetent.   The recovery by the grantee of the witnesses would not necessarily give a right of action to the grantors for damages accruing before the conveyance and recovery.   We are not cited to any authority which holds that a recovery in ejectment, even upon the title, affirms the existence of a title in the grantor, and that the record is conclusive or any proof of the grantor's title.   For all that appears, the plaintiff may have rested his recovery upon the mere fact of prior possession, and the legal title may not have been involved in the issue at all.   We apprehend that, at the most, the judgment is only conclusive of the title of the plaintiffs, not of his predecessors.   There is nothing in the point as to the amendment of the complaint.

Judgment affirmed.