JAMES F. PITT, Respondent, v. GALEN E. BISHOP, Appellant.

Kansas City Court of Appeals, April 17, 1893.

1. **Juries:** SELECTION OF: ACT OF 1891. Under the provision of the act of 1891, Laws 1891, p 172, relating to juries in counties having in them cities of fifty thousand inhabitants, it is the duty of the county court to superintend their selection, and its action is not subject to review, unless some violation of law is involved or gross indiscretion is shown.

2. **Incompetency of Juror:** DILIGENCE. He who complains of the incompetency of a juror must not only show his ignorance thereof in time to urge it sooner, but he must at the proper time have examined the juror touching his qualifications, and if he fails to do so he will bo deemed to have waived them.

3. ————: ACT OF 1891: CHAPTER 93, REVISED STATUTES: BUCHANAN COUNTY. The act of 1891 applies to and is in force in Buchanan county, but it does not displace chapter 93, Revised Statutes, 1889, only to the extent it is inconsistent therewith; and construing the statutes together, "other legal disabilities" of section 6061 of said chapter are to be regarded such as are provided for in section 8 of the act of 1891.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Samuel S. Shull,* for appellant.

It is the duty of the judge in Buchanan county, when a jury cannot be made up from the regular panel, to make out and deliver to the proper officer a list of jurors sufficient to complete the panel. And it is the duty of the judge to make out such list and to see that they possess the proper qualifications. And if any *voir dire* examination should be made the judge should make it. Page 172 of the Acts of General Assembly of Missouri, 1891, especially sections 1, 2, 6 and 8 of said act. (2) The courts will take judicial notice of the fact that the county of Buchanan contains the city of St. Joseph. See section 1, of article 1, and section 21, of article 8, of an act entitled "An act to incorporate the city of St. Joseph," as found in Acts of the General Assembly, 1851, pages 88 and 97. (3) And that the city of St. Joseph has over fifty thousand and less than three hundred thousand inhabitants. See census, 1890. (4) As the statute formerly stood, failure of a party to an action to elicit the juror's disqualifications,

waived the disqualification, but under the present stat-
ute the court shall not permit a person prescribed by
the statute to serve.   Section 8 of act concerning juries.
Session acts, 1891, page 173.

*B. R. Vineyard*, for respondent.

Section 6061 regulates the practice, and is not
affected by the act of 1891, cited by appellant.   Chal-
lenging for over age in a motion for a new trial is not
only in conflict with this express statute, but contrary
to all authority.   *Vierling v. Stifel*, 15 Mo. App. 125;
*Boteler v. Roy*, 40 Mo. App. 234.

SMITH, P. J.—The only question presented by the
record is whether or not the trial court erred in over-
ruling the motion of the defendant to set aside the
verdict, which was for plaintiff, based upon the single
ground that one of the jurors returning the verdict was
at the time over sixty-five years of age, which fact
being unknown to defendant until after the verdict was
returned into court.

It is contended that, since the county of Buchanan
contains a city, the city of St. Joseph, having accord-
ing to the last preceding national census more than fifty
thousand inhabitants, juries in that county shall
be selected with the qualifications and in the manner
required by the provisions of the act of April 1, 1891.
Sessions Acts, 1891, p. 172.   This contention we think
should be sustained.   But the defendant further
contends that, inasmuch as the eighth section of that
act provides that none of the persons named in the
section, among whom are persons over the age of
sixty-five years, *shall be permitted to serve as jurors*,
that when a person of any one of the prohibited
classes named in the section shall serve that this violates.

the verdict, even though no exception to such juror was taken until after the verdict.

It is provided in other sections of the act that it is the duty of the county court to cause to be made under its supervision by the clerk a complete list alphabetically arranged of all the qualified jurors of the county. From these lists are to be drawn the number of jurors which may be ordered by the circuit court. Jurors so selected are *prima facie* competent and must be so regarded by us. Thompson & Merriam on Juries, sec. 262. It was the duty of the court to superintend the selection of the jury in order that it might be composed of fit persons. And its action in this regard is not the subject of review unless some violation of law is involved or the exercise of a gross and injurious discretion is shown. *State v. Ward*, 74 Mo. 253; Thompson & Merriam on Juries, sec. 258; *Head v. State*, 44 Miss. 731; *Smith v. State*, 55 Ala. 1; *Grady v. Earley*, 18 Cal. 108; *Hubbotter v. State*, 32 Tex. 479.

In this state it has long been the law that, when the incompetency of a juror was known to a complaining party before the trial, and he then fails to make timely objection on that account, after the verdict such objection is not available to him. (*Lisle v. State*, 6 Mo. 426); and where the ground of the new trial is the incompetency of a juror the party making the objection must satisfy the court that such objections were not within *his knowledge or that of his attorneys* in season to have urged them sooner, otherwise they will be held to have been waived. And it is not sufficient on a motion for a new trial that the party and his attorney at the time the jury was impanelled were ignorant of the incompetency of a person for a juror and that he was believed to be incompetent. He must have at the proper time examined the juror, touching his qualification. Nothing short of this will constitute

reasonable diligence.    The right of personal investigation is in all cases presented to the party, and if he fails to make it by reason of his own negligence at the proper time he will be deemed to have waived all objections to the juror's competency he might and should have ascertained by such inquiry.    *Ex parte Phillips*, 10 Exch. 731; *Wassum v. Feeney*, 121 Mass. 93; *Watts v. Ruth*, 30 Ohio St. 32;    *State v. White*, 68 N. C., 158; *Patterson v. State*, 70 Ind. 341; *People v. Sanford*, 43 Cal. 29; *Whitehead v. Wells*, 29 Ark. 99; *Thompson v. Conn*, 8 Gratt. 637.

The record in this case discloses the fact that the defendant did not in the first place, as it was his duty to have done, examine the juror as to his competency, in the respect referred to, at the time the jury was impanelled.    *People v. Sanford, supra.*    He could have then ascertained, if he had chosen to do so, the juror's disqualification, but instead he elected to take his trial with him.    Having thus deliberately taken his chances of a favorable verdict he ought not to be heard to object that a juror of his own choosing was lacking in the statutory qualification.    Not only this, but the defendant in support of his motion to set aside the verdict, did not show that neither he nor his attorney were unaware of the disqualification of the juror at the time the jury were sworn to try the case, and so does not bring himself within the rule already stated.

By an examination of the foregoing authorities we think it will be seen that, where a party permits without objection the jurors to be sworn to try the case without first examining them on their oaths touching their qualifications, he cannot raise the objection after verdict that any one or all of them did not possess the requisite qualifications, and this, too, without a statute similar to section 6061 of Revised Statutes.

'But the defendant contends that the act of 1891 repeals and displaces the provisions of the general statute in relation to juries in Buchanan county. It is a general rule of construction that the legislative intent may be gathered from every part of the statute taken and compared together, and, in ascertaining the true intent and purport of a particular section, it is permissible to resort to other statutes *in pari materia*. It cannot be doubted that section 6060, Revised Statutes, which provides that every juror shall be a male citizen of the state and a resident of the county, etc., is operative in Buchanan county. Surely it cannot be that these essential qualifications have been dispensed with in Buchanan county by reason of the adoption of the act of 1891. Nor will it be seriously contended that section 6083 and 6088 are not still in force in that county. These and perhaps other sections are still in force in that county. Besides this, the act of 1891, section 14, only purports to repeal inconsistent acts. The act of 1891 is only an exception added to the provisions of chapter 93, Revised Statutes, and leaves all the provsions of the general statute in force in that county, which are not in conflict with it. When the provisions of the act of 1891 contravene those of the general statute, the latter must give way in counties having a city of fifty thousand inhabitants or upwards.

Section 9 of the act provides, that any party may challenge a juror for cause for any reason mentioned in the section 8 of the act, and also for any cause authorized by the laws of the state. But there is no provision in the act declaring what shall be the effect of a failure to challenge after the jury is sworn. But, by turning to said section 6061, we find that no exception shall be taken to a juror on account of his citizenship, non-residence, state, age or *other legal disabilities* shall be allowed after the jury is sworn.

Taking the several provisions of these two statutes to which we have referred together and construing them as one statute, and we must conclude that the other *legal disabilities*, spoken of in section 6061, are to be regarded as such as are provided in the eighth section of the act of 1891. This interpretation gives full effect to the terms used in that section and is reasonable and consistent with all the provisions on the subject.

And as was said in *State v. Ross*, 29 Mo. 52-53: "The policy of the statute is doubtless to promote fairness and impartiality of the trial by jury, and, while the statutory requirements would tend to subserve this purpose, still the absence of certain requisites, according to that standard in a juror, is not necessarily inconsistent with an impartial trial, and these requisites a party may waive. They are such as he may inform himself of; and when no question is made before the jury is sworn, he is presumed to have waived them."

In any view of the case which we have been able to take, we think that the defendant waived the right to object to the juror, and that the trial court did not err in its ruling. The judgment is affirmed. All concur.