THE STATE v. WICKISER, Appellant.

Division Two, November 17, 1903.

This is a companion case to the case of State v. Scott, reported at page 665 of this volume, and for the reasons given in that case the judgment in this case is reversed and the cause remanded.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED.

*Jno. W. Stokes* and *Petree Brothers* for appellant.

*Edward C. Crow,* Attorney-General, *Sam B. Jeffries,* Assistant Attorney-General, and *Jerry M. Jeffries* for the State.

FOX, J.—At the August term, 1899, the defendant in this cause was jointly indicted with one William Scott, by the grand jury of Holt county, charging them with stealing two head of cattle, property of Stephen and William Cunningham.

There was a severance granted and defendant Scott was first put upon his trial, which resulted in his conviction, and his punishment assessed at two years in the penitentiary. From this judgment of conviction, defendant Scott prosecuted his appeal.

On May 7, 1902, the prosecuting attorney of Holt county filed an information against the appellant in this case, charging him with the commission of the same offense as was charged in the indictment. The defendant in this cause was tried upon the information, which resulted in his conviction and punishment assessed at three years in the penitentiary (which pun-

ishment was afterwards commuted by the court to two years).

This is a companion case to the one against William Scott, ante, p. 665.

The only substantial difference in the two cases is that, as against this appellant, there was an effort to introduce certain confessions of the defendant, made to the prosecuting attorney and Cunningham, all of which were excluded by the court, except a short statement by the prosecuting attorney, which in substance was "that Jack Scott and Mr. Stokes had promised to furnish him bail, and if they did not do it, he would squeal in this." There was also the testimony of Oliver, to whom the hack was taken for repair. He testified a little more specifically than he did in the Scott case, as to the condition of the hack and as to seeing manure in the bottom of it. He does not pretend to state the character of manure; neither does Cunningham; could not say whether it was manure from cattle or other animals.

The prominent facts upon which the State relies to support this conviction, with the exceptions noted, are shown by the same witnesses that testified in the Scott case. While the phraseology of the witnesses in this case is somewhat different to that used in the Scott case, their testimony is substantially the same, and it should be so, for they are the same witnesses, detailing their knowledge of the same transaction. The conclusions reached in the Scott case are decisive of this one.

Adopting the views as expressed in that case, the judgment in this case is reversed and the cause remanded.

All concur.