## THE STATE v. DAVID WILSON, Appellant.

### Division Two, November 29, 1910.

1. **GOOD CHARACTER: Instruction.** An instruction telling the jury they may consider the testimony relating to defendant's good character, but his good character will not excuse the offense, if upon all the facts he is guilty, is correct.

2. **JUROR: Convict: Raised in Motion for New Trial.** An assignment that one of the jury had been convicted of a felony and had not received a pardon restoring his citizenship and was therefore not qualified to sit as a juror, comes too late, if made for the first time in a motion for a new trial. The statute (Sec. 7260, R. S. 1909) provides that "no exception to a juror on account of his citizenship, non-residence, state or age or other legal disability shall be allowed after the jury is sworn." The words "other legal disability" are broad enough to include the said objection to the juror.

Appeal from Buchanan Criminal Court.—*Hon. Thos. F. Ryan,* Judge.

AFFIRMED.

*Mytton & Parkinson* for appellant.

(1) Instruction seven as given by the court fails to declare the law correctly on the question of good character. The object of the introduction of evidence respecting good character is the improbability that a person of good character would have committed the offense alleged against him, and to lay such evidence before the jury for the purpose of inducing belief that either mistake or misrepresentation has occurred on the part of the prosecution. State v. Thomas, 68 Mo. 615. The instruction given certainly fails to properly instruct the jury on that point. (2) Laws 1903, p. 210, sec. 3804, defines what persons shall be exempt from jury service. The seventh subdivision of this section prohibits any person from serving on a jury who has been convicted of a felony. Error was committed by the trial court in refusing to permit him to prove that said Freeman, who was one of the jurymen, had been convicted of burglary and larceny, December 12, 1904, in the criminal court of Buchanan county, and that the citizenship had not been restored to him. Appellant only learned about the incompetency of said Freeman after the trial of his cause and therefore could not take advantage of this fact in a motion to quash the panel, and the only way the incompetency of this juryman could be raised was on the motion for a new trial.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

The jury was regularly impaneled, and sworn to try the cause, and no objections are made thereto. The appellant complains of a member of the jury who sat in the case, in that said juror had been convicted of a felony, and had not prior to his service on the jury been granted a pardon and restored to citizenship. Ap-

pellant is in no position to complain, as the trial court properly overruled the motion for new trial because neither the appellant nor his attorney made affidavit that they did not know of the disqualification of said juror at the time or prior to the time appellant made his challenges. State v. Matthew, 202 Mo. 143; State v. Richardson, 194 Mo. 326.

KENNISH, J.—The prosecuting attorney of Buchanan county on the 30th day of January, 1909, filed an information with the clerk of the criminal court of that county charging the defendant, David Wilson, with a felonious assault with intent to kill upon Frederick Bolsom. Upon a trial the defendant was convicted of a common assault and his punishment assessed at a fine of $100 and imprisonment in the county jail for the term of six months.

Motions for new trial and in arrest of judgment were filed, overruled, and judgment pronounced upon the verdict. The defendant then prayed an appeal, which was granted by the court to the Kansas City Court of Appeals. The Kansas City Court of Appeals at the March term, 1910, ordered the cause certified to this court for the reason that the offense charged was a felony, and therefore within the appellate jurisdiction of this court, and the cause is now before us for decision.

In appellant's brief but two alleged errors of the trial court are relied upon for a reversal of the judgment, and we shall set out in this opinion only such parts of the record as are necessary in passing upon the errors thus assigned.

First. Appellant complains of error in instruction numbered 7 given by the court of its own motion. This instruction is as follows: "In determining as to the guilt or innocence of the defendant, you should take into account the testimony in relation to his character as shown by the evidence, and you should give

such testimony such weight as you may deem proper; but if, from all the evidence before you, you are satisfied beyond a reasonable doubt, as defined in these instructions, that the defendant is guilty, then his previous good character, if shown, cannot justify, excuse, palliate or mitigate the offense, and you cannot acquit him merely because you may believe he has been a person of good repute.''

This instruction is in form as approved in a number of cases by this court, and no good reason has been advanced why we should now enter upon a reconsideration of the question as to whether it is a correct statement of the law upon the subject of good character. [State v. Darrah, 152 Mo. 522; State v. Cushenberry, 157 Mo. 168; State v. Wertz, 191 Mo. 569.]

Second. In the seventh ground of the motion for a new trial it is alleged that one of the jurors named Freeman had been convicted of a felony, and had not received a pardon restoring his citizenship, and therefore that he was not qualified to sit as a juror in the case; that by answering in the negative on his *voir dire* if he knew of any reason why he could not sit as a juryman in the case and give defendant a fair and impartial trial, the defendant was thereby deceived and misled as to his qualifications.

No affidavit of either the defendant or his counsel was filed showing when the alleged incompetency of juror Freeman was discovered, nor was any affidavit filed in support of the facts stated in the said seventh ground of the motion for a new trial. On the hearing of the motion the defendant offered evidence tending to prove the facts alleged in the said seventh ground thereof. The court sustained an objection to the evidence thus offered and the action of the court in refusing to permit the defendant to prove such facts is now assigned as error.

Passing over all questions of practice and the rules of the trial court as to the manner in which the de-

fendant sought to establish the truth of the facts alleged in the seventh ground of the motion for a new trial, and considering the question broadly in the light most favorable to appellant, it will be seen that there is an entire absence of merit in this contention. It is provided by section 7260, Revised Statutes 1909, that "no exception to a juror on account of his citizenship, non-residence, state or age or other legal disability shall be allowed after the jury is sworn." The foregoing statute has been uniformly construed by this court as denying the right of a party to a civil or criminal cause to object to a juror after the jury is sworn for any of the causes mentioned in said section. [State v. Ross, 29 Mo. 32; State v. Sartino, 216 Mo. 408; Orr v. Bradley, 126 Mo. App. 146; Pitt v. Bishop, 53 Mo. App. 600.] And the phrase, "or other legal disability," in said section 7260, is broad enough to include the objection made to the juror in this case.

This court will take judicial notice of the fact that article 4, chapter 64, Revised Statutes 1909, entitled, "Juries in Counties Containing Cities of One Hundred Thousand and Less than Four Hundred Thousand Inhabitants," was in force in Buchanan county at the time of the trial of this cause. Section 7327 of that article provides that certain persons shall not be permitted to serve as jurors, and the seventh clause thereof is as follows: "Any person who has been convicted of felony."

In the case of Pitt v. Bishop, 53 Mo. App. 600, a case appealed from Buchanan county, the court had before it for construction the Act of 1891 relating to juries, the eighth section of which was identical in its language with section 7327, supra. Discussing the statute thus before it, the court, at page 605, said: "Section 9 of the act provides that any party may challenge a juror for cause for any reason mentioned in section 8 of the act, and also for any cause authorized by the laws of the State. But there is no provision in the act

declaring what shall be the effect of a failure to challenge after the jury is sworn. But, by turning to said section 6061, we find that no exception taken to a juror on account of his citizenship, non-residence, state, age or other *legal disabilities* shall be allowed after the jury is sworn. Taking the several provisions of these two statutes, to which we have referred, together, and construing them as one statute, we must conclude that the other legal disabilities, spoken of in section 6061, are to be regarded as such as are provided in the eighth section of the Act of 1891. This interpretation gives full effect to the terms used in that section and is reasonable and consistent with all the provisions on the subject.''

We hold that the Court of Appeals correctly interpreted the statutes before it, and under the law as construed in the foregoing cases the trial court did not err in refusing the defendant a new trial because of the incompetency of the juror, even though that ground of the motion had been supported by proper and sufficient affidavits.

The Attorney-General urges in his brief that the motion for a new trial was filed more than four days after the verdict was returned, and therefore only the record proper is now before this court for review. While this contention finds support in the record, yet because of some confusion and uncertainty of dates as shown by the transcript, we have given the defendant the benefit of all exceptions preserved in the motion for a new trial and have considered the case not only upon the two errors assigned, but upon the entire record, and finding no error therein the judgment is affirmed.

*Gantt, P. J.,* and *Burgess, J.,* concur.