THE STATE v. SAM SHIELDS, Appellant.—58 S. W. (2d) 297.

Division Two, March 3, 1933.

*H. A. Wright* and *W. L. Hamrick* for appellant.

*Stratton Shartel*, Attorney-General, *L. A. Vonderschmidt*, Special Assistant Attorney-General, for respondent.

BURNEY, J.—Appellant was indicted in the Circuit Court of Shelby County on a charge of selling a half pint of "hootch" in vio-

lation of Section 4500 of the Revised Statutes of Missouri, 1929. Upon trial he was found guilty and his punishment assessed at two years' imprisonment in the state penitentiary. His motion for new trial having been overruled and judgment having been entered on accordance with the verdict, he appealed.

The evidence in the case is substantially as follows:

The appellant was, at the time he was charged with having committed the act set out in the indictment, the operator of a filling station and battery recharging service located on one of the business and residence streets of Clarence, Missouri. Lowell Clemm, State's witness, testified that he was seventeen years old and was a sophomore in the Clarence High School; that the sophomore class was having a party on the evening of the day the sale was alleged to have been made and that he wanted some liquor so that he could have a good time. That he and Gilbert Wells drove in Wells' car to appellant's filling station where he (Clemm) alighted and went into the building and ordered "half a pint," paying therefor sixty-five cents; that he saw no other person present in the building at the time save and except the appellant; that he returned to the car and he and Wells drank the liquor. In answer to the prosecutor's question he said that he guessed it made him feel kind of dizzy and light-headed; that he did not know what he received, what kind of liquor; that he did not know corn whisky from whisky or corn whisky from moonshine; that he ordered a half a pint of liquor and that the liquor which he purchased from the appellant seemed stronger and was somewhat lighter in color than the contents of State's Exhibit A, introduced in evidence at the trial.

This testimony was corroborated by State's witness Wells, with the exception of the testimony as to the actual sale. State's witness Gaines testified that he was sheriff of Shelby County and had been for three years; that he had had some experience in testing and identifying hootch and intoxicating liquors; that he identified hootch by its smell; that some hootch was lighter in color than others and that some smelled stronger than others; that the contents of State's Exhibit A was hootch. On cross-examination he stated that he could not tell whether there was alcohol in the State's exhibit without having it tested and that he did not know whether or not there was any alcohol in the exhibit.

Appellant took the stand in his own behalf and denied that he ever sold hootch or any other liquor to Clemm. He admitted that Clemm had come into his place of business on the afternoon in question and had asked him for some liquor, but that he had refused, saying: "Boy, I have no liquor."

Two other witnesses testified for the appellant to the effect that they were present when Clemm came in and asked for liquor and that appellant said he had no liquor and that Clemm immediately departed.

■ Appellant contends in his first assignment of error that the court erred in refusing to instruct the jury at the close of all the evidence to find appellant not guilty, because there was a total failure of proof and under the law, the pleadings and the evidence the court should have given a peremptory instruction offered in the nature of a demurrer to the State's evidence. This instruction is as follows:

"The Court instructs the jury at the close of all the evidence in the case that they must find the defendant not guilty."

It is our conclusion that this contention must be sustained. The indictment charged the felonious sale of a specific and particular kind of liquor, namely "hootch," by appellant to the complaining witness Clemm. The only evidence produced by the State as to the sale is that given by Clemm who testified that he ordered a half a pint. As to the kind of liquor he alleged he received he further testified that he did not know; that he did not know corn whisky from whisky or corn whisky from moonshine. That he just ordered a half pint of liquor.

Sheriff Gaines testified as to Exhibit A, which, of course, was not a part of the liquor alleged to have been sold by the appellant, and stated that he could not tell if there was any alcohol in said exhibit without having it tested.

■ We think it is well settled that the State is required to prove that the liquor sold was of the kind and character described in the statute and the indictment drawn under it. [State v. Kroeger, 13 S. W. (2d) 1067, 321 Mo. 1063; State v. McMillen, 39 S. W. (2d) 559, 327 Mo. 1189; State v. Miller, 44 S. W. (2d) 1. c. 16.] "One cannot be convicted of crime on evidence which creates a mere suspicion of guilt, however strong such suspicion may be." [State v. Woodson, 175 Mo. App. 1. c. 398, 162 S. W. 327.]

It would seem that the verdict of the jury in this case was based largely on conjecture and suspicion of guilt. "Suspicions or even strong probabilities of guilt do not authorize a conviction." [State v. Scott, 177 Mo. 1. c. 672, 76 S. W. 950.]

It is our opinion that under the evidence offered by the State the peremptory instruction above set out should have been given to the jury and the trial court committed error in failing so to do.

It is not necessary to pass upon the other questions raised by appellant on this appeal as they disappear with our ruling on the first assignment of error presented.

The judgment is reversed and under authority given in Section 3763, Revised Statutes 1929, the defendant will be absolutely discharged. It is so ordered. *Leedy, J.,* not sitting; *Ellison* and *Tipton, JJ.,* concur.