STATE OF MISSOURI, Respondent, *v.* DUDLEY JENKINS, Appellant.

*Crimes—Robbery—Larceny—Criminal Practice.*—A party indicted for the crime of robbery in the first degree (R. C. 1855, p. 574, § 20) cannot be convicted of robbery in the second degree (R. C. 1855, p. 594, § 21), but may be convicted of larceny. It is of the essence of robbery in the first degree, that the violence or fear of injury should be present and immediate to the person, and that the property should be actually taken from the owner's person, or in his presence, and against his will.

*Appeal from Cape Girardeau Circuit Court.*

The facts are stated in the opinion. The instructions as given were :

1. If the jury believe from the testimony that a body of armed men went to the house of William H. McLane, and by force or threats caused him to fear that an injury would be done to his person or property, so that he concealed himself for his own protection, and that, while so concealed, his horse was feloniously taken and carried away by said body, or any of them, each of the persons engaged in any way in the transaction are equally guilty ; and if the defendant was one of them, the jury may find him guilty of robbery in the second degree.

2. Such fear as prevents resistance is sufficient, and this may be presumed from the circumstance of the transaction, or from words used by either of the parties.

3. If the jury find the defendant guilty, they will state in what degree, and assess the punishment.

*Clover* and *Jecko*, for appellant.

I. The elements of the offence of robbery in the first degree, as defined by our statute, are—

1. The feloniously taking the property of another, which is larceny by itself.

2. From the person, or in the presence of, the owner.

3. Against his will.

4. By violence to his person, or, which is the same thing, by putting him in fear of some immediate injury to his person.

The elements of the offence of robbery in the second degree, as defined by our statute, are—

1. The feloniously taking the personal property of another.

2. In his presence, or from his person.

3. Which shall have been delivered or suffered to be taken.

Substituting this language for the expression " against his will," as used in the definition of the offence of robbery in the first degree, as above ; and,

4. Through fear of some injury to his (own) person or property, or to the person of any relative or member of his family, threatened to be inflicted at some different time (as distinguished from fear of *immediate* injury), which fear shall have been produced by the threats of the person so receiving or taking such property.

II. The proposition is asserted, that, under this indictment, which is an indictment for robbery in the first degree, the defendant could not be lawfully convicted of the offence of robbery in the second degree.

The Legislature has created three distinct offences, differently defined—as robbery in the first, second, and third degrees—and differently punishable. In each case, the indictment must specify the nature of the offence; and it must inform the defendant of the nature of the offence with which he is charged.

This offence of robbery is not of that character embraced in the legislation to be found in the 14th sec. of Art. IX. of

the "Act concerning crimes and their punishment" (R. C. 1855, p. 640), whereby it is provided that upon indictment for any offence consisting of different degrees, as prescribed by the act, the jury may find the defendant not guily of the offence charged in the indictment, and may find him guilty of any degree of such offence inferior to that charged in the indictment, or of any attempt to commit such offence or any degree thereof.

If the inferior degree be included in the allegations of the indictment then the statute applies, otherwise when the inferior degree is not so included. (State v. Shoemaker, 7 Mo. 177; Conner v. State, 14 Mo. 570; Mallison v. State, 6 Mo. 399; Plummer's case, 6 Mo. 240; McGee v. State, 8 Mo. 495.)

III. If the proposition contained in the first instruction be law, there is no protection for the most innocent of mankind. The defendant may have been a rebel, and yet utterly incapable of robbing Col. McLane of his horse; and yet without proof, so far as the instruction goes, he is to be held liable for the act of another, done in his absence, without his knowledge, against his will, and without any common intent for which he might be made liable.

IV. By intendment of law, the defendant has been forever acquitted of the offence of robbery in the first degree, with which he stands charged in the indictment, and upon which he can never again be tried. (State v. Phillips & Ross, 24 Mo. 475.)

*J. P. Vastine*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

The indictment charged that William Jeffers, on the thirtieth day of September, A. D. 1862, at the county of Cape Girardeau and State of Missouri, "in and upon one William H. McLane, with force and arms, feloniously did make an assault, and the said William H. McLane in bodily fear of some immediate injury to his person then and there feloniously

did put, and one horse, of the value of one hundred dollars, the property of the said William H. McLane, then and there feloniously did rob, steal, take and carry away"; and the defendant was charged as an accessory or principal in the second degree, under the statute. (R. C. 1855, p. 638, § 5.) The offence described is robbery in the first degree, under the statute (R. C. 1855, p. 574, § 20), which consists in "feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person." The jury rendered a verdict of guilty of robbery in the second degree, and fixed the punishment at five years in the penitentiary. The court instructed the jury, that if they believed from the testimony " that a body of armed men went to the house of William H. McLane, and by force or threats caused him to fear an injury would be done to his person or property, so that he concealed himself for his own protection, and, while so concealed, his horse was feloniously taken and carried away by said body, or any of them, each of the persons engaged in any way in the transaction is equally guilty; and if the defendant was one of them, the jury may find him guilty in the second degree." In another part of the record, this same instruction reads, in the last clause, "in the first or second degree"; but, in either case, it authorized a verdict of guilty in the *second* degree.

The offence of robbery in the second degree supposes a case where the property is delivered, or suffered to be taken, through fear of some injury to the person or property, threatened to be inflicted at some future and different time. It is clear that this last offence is not included nor contained in the description of the first offence, and that there are no words in the indictment which, by any construction, can be construed as describing the crime of robbery in the second degree. It is settled that if the inferior degree of offence be included in the allegations of the indictment, a conviction

of such inferior degree is consistent with established principles; but if the lesser offence be totally or essentially dissimilar in nature, and there be no count in the indictment which describes the inferior offence, or contains words which may include it, no judgment can be given for that offence. (State v. Shoemaker, 7 Mo. 177.) It is of the very essence of robbery in the first degree, that the violence or fear of injury shall be present and immediate to the person, and that the property shall be actually taken from his person, or in his presence and against his will; but in the second degree the property is supposed to be delivered, or suffered to be taken, through fear that a threatened injury may be inflicted at some different time, either to his own person or property, or to the person of any relative or member of his family. This offence is not described in the indictment, and the conviction and judgment for robbery in the second degree were clearly erroneous. The instruction is vaguely and ambiguously framed. It might be applied to either degree, but would rather seem to have contemplated the second degree, or the case where threats caused the party to fear that an injury would be done at a future time, so that he concealed himself for protection. It does not say an *immediate* injury. It was at least calculated to mislead the jury, and should not have been given in that form.

The verdict must be considered as amounting to an acquittal on the charge of robbery in the first degree, and upon this indictment the defendant cannot be convicted of robbery in the second degree. But the indictment does contain a description of the offence of grand larceny. The elements of description which distinguish robbery in the first degree from grand larceny may be regarded as surplusage, and enough would still remain to constitute and sufficiently describe the crime of grand larceny. (R. C. 55, p. 640, § 14; p. 575, § 25.) The judgment will therefore be reversed, and the case remanded for a new trial, in accordance with this opinion. The other judges concur.