STATE OF MISSOURI, Defendant in Error, *vs.* CARROLL BRANNON, Plaintiff in Error.

1. *Criminal law—Indictment—Robbery in first degree—Conviction of in second degree—Autrefois acquit.*—One indicted for robbery in the first degree cannot be convicted of robbery in the second degree ; and, in such case, a verdict of robbery in the second degree operates as an acquittal of robbery in the first degree.

2. *Criminal law—Robbery in first and second degrees—Grand larceny, etc.—* Where an indictment, charging robbery in the first degree, contains all the descriptive elements of grand larceny, and defendant, under the indictment, might have been convicted of the latter offense, but was in fact found guilty of neither, but only of robbery in the second degree, he cannot afterward be arraigned and tried for either.

## Error to Henry Circuit Court.

*W. P. Johnson,* for Plaintiff in Error.

I. This defendant was indicted for robbery in the first degree, but there was only one count in the indictment and it did not embrace robbery in the second degree. The case was submitted to a jury, and a verdict returned of robbery in the second degree, which is, under the decisions of this court, an acquittal of the offense charged in the indictment, and defendant ought not to have been tried again under the law. (State Const., Art. I, § 19 ; Bish. Crim. Law [3d Ed.], §§ 858–61, 865–75 ; 5 Ind., 291 ; State vs. Ross, 29 Mo., 48 ; State vs. Ball, 27 Mo., 227 ; State vs. Kattleman, 35 Mo., 105 ; 3 Greenl. Ev., § 36.)

II. But it may be said, that, although acquitted of the charge of robbery in the first degree, yet the indictment also embraces grand larceny ; but I submit, that the major includes the minor ; that when one is charged with the crime of murder in the first degree, and is tried and acquitted by a jury, he cannot be again tried upon the same or another indictment for an inferior degree of homicide ; and the same rule holds in a case of robbery in the first degree. If a new indictment were found against this defendant, for the same supposed offense, he could plead his acquittal in bar, and could not be again tried on the same indictment. (3 Greenl. Ev., § 36 ; 1 Bish. Crim. Law, §§ 87–89 ; 17 Wend., 386 ; 26 Penn., [2 Casey] 513.)

· *Ewing, Att'y Genl.*, for Defendant in Error.

The indictment in this case is a good grand larceny indictment. (1´ Wagn. Stat., 456, § 25.) The defendant was found guilty of grand larceny in this court, and there can be no objection thereto.

At the first trial the defendant was tried and found guilty of robbery in the second degree; and by implication not guilty of robbery in the first degree. And the point is made that the defendant could not afterwards be tried for larceny, when the finding of the jury was dismissed by the court as to the robbery in the second degree. We here insist, in as much as the finding of the jury for robbery in the second degree in the indictment for robbery in the first degree was a nullity, and as no judgment could be rendered thereon, that the case stood as if there had been no trial.

Here the jury found defendant guilty of an offense for which he was not tried, and now must the defendant go discharged? (State vs. Koerner, 51 Mo., 174.) This case is not analogous to one where a party is charged with murder, and the jury finds him guilty of a lesser grade of homicide. In homicides, when for instance, the indictment is for the highest grade—murder—the jury could under a count for murder alone, find the defendant guilty of any grade of homicides below murder. (Plummer vs. State, 6 Mo., 231; Mallison vs. State, 6 Ind., 399; State vs. Watson, 5 Mo., 497; State vs. Ostrander, 30 Mo., 13.) The reason of this is, that homicide is the *genus*, and the various grades thereof, such as murder in the several degrees, manslaughter &c., constitute the species. But this is not true of robbery (in its degrees) and larceny, and hence the doctrine contended for by the defendant's counsel can have no application here.

The case of the State vs. Ross, 29 Mo., cited ·*contra*, has no application to this kind of offense, because the verdict in this case was a nullity, and was not responsive to the indictment and was wholly unauthorized by law.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for robbery in the first degree. A trial was had and the jury brought in a verdict against him of robbery in the second degree. The jury was then discharged, and the court subsequently, of its own motion, set the verdict aside. The defendant then made his motion to be released from further custody, on the ground that he had been acquitted of the offense charged against him in the indictment. This motion was overruled, and at a succeeding term he was again tried and convicted of larceny. As there were no degrees in the crime charged in the indictment, the first verdict was palpably erroneous and not responsive to any issue presented. But under what may now be considered the well established rule in this State, it operated as an acquittal of the offense of robbery in the first degree, as charged in the indictment, and the only question to be considered is, whether it was competent on the same indictment to arraign and convict the defendant of larceny.

A case very much in point is the State vs. Jenkins (36 Mo., 372), where it was held that a party indicted for robbery in the first degree could not be convicted of robbery in the second degree, and that, in such a case, a verdict of robbery in the second degree amounted to an acquittal of the charge of robbery in the first degree. But it was said that the indictment contained a description of the offense of grand larceny, for which the defendant might be tried. The indictment in this case contains all the descriptive elements necessary to constitute the crime of grand larceny, but as the defendant was not convicted of that offense on the first trial, but of a wholly different one, can he be again arraigned and tried for it now?

Wharton lays it down as a settled principle that an acquittal on an indictment for a greater offense, is a bar to a subsequent indictment for a minor offense, included in the former, wherever, under the indictment for the greater offense, the defendant could have been convicted of the less; and that an acquittal on an indictment for robbery, burglary or larceny, may be pleaded to an indictment for larceny of the same goods, because

upon the former indictment, the defendant might have been convicted of the larceny. (1 Whart. Crim. Law, 6th Ed. 560.)

Bishop says, that, "where several crimes are included one within the other, obviously a conviction for any higher one bars a prosecution for any lower; since the greater includes the less. And, as a general rule, the same consequence follows an acquittal, because generally there can be a conviction for the lower on an indictment for the higher; but, sometimes, owing either to the form of the allegation, or to the lower offense being a misdemeanor, while the higher is a felony, such conviction cannot be had; and then, though the party is acquitted of the higher, he may be indicted for the lower. Thus, a trial and acquittal for a robbery bars an indictment for larceny of the same property; but, where the rules of the English common law prevail, no acquittal for felony can bar a prosecution for misdemeanor." (1 Bish. Crim. Law [3d Ed.], § 887.)

In Heikes vs. The Commonwealth (2 Casey, 514), it is held, that where a defendant has been once tried for an offense upon an indictment, on which he could have been legally convicted and sentenced, the plea of *autrefois acquit*, will avail him on a second indictment for the same offense. And the very question here presented came up in The People vs. McGowan (17 Wend.,386), where it was decided that the indictment, although for a robbery, involved the question of larceny, of which the prisoner, under that indictment, might have been convicted, and, as the prisoner had been acquitted of the robbery, he had also, within the issue, been tried and acquitted of the larceny. As in the present case, the defendant might have been convicted, upon the indictment, of either robbery in the first degree or grand larceny; yet as he was convicted of neither offense, but of an entirely different one, the verdict operated as an acquittal, and he could not again be arraigned and tried for either.

With the concurrence of the other judges, the judgment must, therefore, be reversed.