THE STATE v. KEELAND, *Appellant.*

1. **Criminal Law** : PRACTICE : VENUE. Where all the evidence is not contained in the bill of exceptions, it will be presumed that the venue was proved as laid.

2. —— : LARCENY : PRACTICE. On a prosecution under Revised Statutes, section 1309, for stealing from the person in the night time, it is immaterial, under Revised Statutes, section 1810, that the evidence showed the crime committed to have been robbery, since the latter offence is but larceny committed by violence from the

person of one put in fear, and consists in the main of larceny and assault, and the state has the right to waive the force or the fear of the robbery and prosecute for the lesser offence of larceny.

3. ――――: GUILTY OF HIGHER OFFENCE, CONVICTION OF LOWER: STATUTE. It is no cause for the reversal of a judgment that the evidence shows or tends to show the defendant to be guilty of a higher degree of the offence than that of which he was convicted. R. S., sec. 1821.

*Appeal from Jasper Circuit Court.*—HON. M. G. MC-GREGOR, Judge.

AFFIRMED.

*W. M. Laforce* and *W. T. Green* for appellant.

*B. G. Boone*, Attorney General, for the state.

Appellant made no objections at the time and saved no exceptions to the admission or exclusion of evidence, or the giving or refusing of instructions, except an instruction in the nature of a demurrer to the evidence, and the court will not examine anything but the record proper and the demurrer to the evidence. *State v. McDonald*, 85 Mo. 539, and cases cited. The demurrer to the evidence was properly overruled. The record does not purport to preserve all the evidence, but enough is preserved to support the verdict. If this were not so this court would presume, in the absence of a complete transcript of the evidence, that it was sufficient and not disturb the verdict. *State v. Brown*, 75 Mo. 317. Further, a verdict in a criminal case will not be disturbed on account of a lack of evidence unless there is a total absence of evidence. *State v. Cook*, 58 Mo. 546; *State v. Musick*, 71 Mo. 401; *State v. Zorn*, 71 Mo. 415.

SHERWOOD, J.—The defendant was indicted, under section 1309, for stealing certain property and money

from the person of one John Lacy in the night time. The indictment is sufficient under that section, and the evidence, which appears in the record, supported the charge, except as to the venue of the offence ; but as all the evidence is not copied in the bill of exceptions, it will be presumed the same was proved.

There was some evidence to show that the crime committed was robbery and not larceny, but this was immaterial under the provisions of Revised Statutes, section 1810. That section declares that : "When, by law, an offence comprises different degrees, an indictment may contain counts for the different degrees of the same offence, or for any of such degrees." Now robbery is compound larceny, or larceny committed by violence from the person of one put in fear ; and it consists in the main of larceny and assault. And an indictment for robbery, therefore, contains all the allegations essential in simple larceny with such added incidents as make the larceny robbery. 1 Bish. Crim. Law, secs. 553, 582 ; 2 Bish. Crim. Law, secs. 892, 1156, 1158-59 ; 2 Bish. Crim. Proc., secs. 1001-2. The articles stolen in this case were over the value of thirty dollars, and it is settled in this state that one may be indicted for robbery and convicted of grand larceny. *State v. Jenkins*, 36 Mo. 372 ; *State v. Davidson*, 38 Mo. 374 ; *State v. Brannon*, 55 Mo. 63 ; *State v. Pitts*, 57 Mo. 85. And the latter, in the sense in which it is employed in section 1810, is one of the degrees of the former offence ; the word "*degrees*" not being used in a strictly technical manner, but as indicating the principal crime as the *genus*, and the lesser as the *species* ( *Watson v. State*, 5 Mo. 497) ; and necessarily included within the definition of the larger offence, as already seen. 1 Bishop Crim. Law, secs. 791, 794, 795 ; *State v. Shoemaker*, 7 Mo. 177.

And it is only upon the theory of robbery being the higher offence and larceny the lower offence or degree of

that offence that an acquittal or conviction of either is held to be a bar to a prosecution for the other; the minor crime being included in the greater. 1 Wharton Crim. Law [6 Ed.] secs. 617, 560, 384; 1 Bishop Crim. Law [7 Ed.] secs. 1054, 795. And it was in this view that the cases cited from our reports were decided. And the state had the right to waive the force or the fear of the robbery and prosecute for the cognate and lesser offence, the larceny. *Hicky v. State,* 23 Ind. 21. Furthermore, aside from what has already been said, the defendant was properly convicted by reason of Revised Statutes, section 1821, providing that it shall be no cause for reversal because the evidence shows or tends to show him (the defendant) to be guilty of a higher degree of the offence than that of which he is convicted.

The result of these views is the affirmance of the judgment. All concur, except Norton, J., absent.