STATE v. HENRY GARDNER, Appellant.—No. 40478.—204 S. W. (2d) 716.

Division Two, October 13, 1947.

*S. E. Garner* and *Joseph S. McDuffie* for appellant.

*J. E. Taylor*, Attorney General, and *Harry H. Kay*, Assistant Attorney General, for respondent.

1016

LEEDY, P. J.—Defendant was charged by information in the Circuit Court of the City of St. Louis with robbery in the first degree. Upon a trial he was convicted of larceny from the person of an amount less than $30.00, and his punishment assessed by the jury at imprisonment in the penitentiary for a term of three years. Judgment and sentence accordingly, and he appeals.

The motion for new trial assigned numerous errors, all of·which have been abandoned except these two: (1) That instruction No. 2 (hypothesizing larceny from the person) was erroneously given because there was no evidence to support it; and (2) That the punishment is excessive because the value of the property involved is concededly less than $30.00.

W. Y. Taylor, a Pullman porter residing in Chicago, the alleged victim, was the only witness in relation to the facts immediately surrounding the commisson of the alleged offense. From his testimony it was made to appear that on February 3, 1946, between 9:30 and 10 P. M., as he was walking along the sidewalk on the north side of Market Street, enroute to Union Station from a picture show he had just attended, and when about three blocks from the station, he was accosted by two men, one of whom he positively identified at the trial as defendant. He further testified that at that time ''defendant put a pistol in my side,'' and he was thus required to go up an alley where the ''two fellows stuck me up;'' that defendant held the gun on him while the other man took a billfold from his (Taylor's) left rear pocket. The billfold contained $17.00 in money, and various identification cards and photographs, all property of Taylor.

Proof of robbery will support a conviction for larceny from the person. State v. Keeland, 90 Mo. 337, 2 S. W. 442. ''Larceny, although an essential element of the offense of robbery, is distinguishable primarily on the basis of the violence which precedes̱ or accompanies the taking. The presence of violence, actual or constructive, is an essential ingredient of robbery, but not of larceny. Thus, *robbery is a compound larceny, composed of the crime ■ of larceny from the person with the aggravation of force, actual or constructive,*

*used in the taking."* (Italics ours.) 46 Am. Jur., Robbery sec. 3, citing State v. Parker, 262 Mo. 169, 170 S. W. 1121, L. R. A. 1915C 121, which, in turn cites State v. Brannon, 55 Mo. 63, 17 Am. Rep. 643, and the Keeland case. In the Parker case defendant was charged with, and convicted of, robbery in the first degree. On appeal, the facts were examined, and held insufficient to constitute that offense, and that the court should have given defendant's instruction in the nature of a demurrer to the evidence. The judgment was reversed, but the court, pointing to what are now Secs. 4459-4460, R. S. '39 and Mo. R. S. A., declined to discharge defendant on the ground that, under an indictment for robbery, the accused may, in a proper case, be convicted of larceny.

There can be no doubt that in the first instance the state would have had the right to waive the force or fear of the robbery, and prosecute for the cognate and lesser offense of larceny from the person. State v. Keeland, supra. Such, however, was not done, but both robbery and larceny from the person were submitted in separate instructions, the latter conditioned upon a finding of not guilty of the robbery, and this notwithstanding the fact that all of the evidence showed the defendant was guilty of the greater offense, there being no evidence that the taking was not forcible. In State v. Reynolds, 345 Mo. 79, 131 S. W. 2d 552, 556, the converse of the proposition now urged by defendant was considered. The defendant in that case complained that he was entitled to instructions on larceny from the person and petit larceny, on the theory that the jury may not have believed that portion of the victim's story that defendant had used force in taking the $3.00 from him. The point was disallowed, the court saying that in the victim's testimony the fact of force was so interwoven with the taking that the jury could not have believed the one without crediting the other, and there was nothing to the contrary in the whole record. But it does not follow that because a defendant is not entitled to such an instruction that it is error of which he can complain when the court does so instruct. The principle is so well settled that extended discussion of it is deemed unnecessary. Section 3952 R. S. '39 and Mo. R. S. A., provides that no judgment shall be affected "because the evidence shows or tends to show him [the defendant] to be guilty of a higher degree of the offense than that of which he is convicted." The statute thus validates a conviction for a lesser degree of the crime when all the evidence shows he is guilty of the greater, and it has been uniformly construed as extending to the giving of instructions authorizing convictions for lesser included offenses in such circumstances. State v. Morrow, (Mo.) 188 S. W. 75, State v. Rudman, 327 Mo. 260, 37 S. W. 2d 409, State v. Kimbrough, 350 Mo. 609, 166 S. W. 2d 1077, and notes 23 and 25 under the annotation to Sec. 3952 in Mo. R. S. A.

1018

The other assignment is equally untenable as will appear from an examination of the applicable statute, Sec. 4460 R. S. '39 and Mo. R. S. A. It provides that when the property taken under the circumstances stated in Sec. 4459 (which embraces, among others, larceny from the person) is less than $30.00 in value, the offender may be punished by imprisonment in the penitentiary not exceeding seven years, or by imprisonment in the county jail not exceeding one year. Instruction No. 2, in specifying the punishment for larceny from the person, was in exact conformity with this section. The punishment assessed thereunder being within the range permitted by the statute, is not subject to the objection that it is excessive.

The record proper has been examined, and found to be sufficient. The judgment is, accordingly, affirmed. All concur.