## STATE v. CHILDERS.

No. 43885.

Supreme Court of Missouri.

Division No. 1.

June 14, 1954.

Roy Coyne, Joplin, James Tatum, Pineville, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

CONKLING, Judge.

Robert Childers, defendant below, has appealed from a judgment of conviction entered after a jury trial wherein he was sentenced to thirty days in jail and fined $300 and costs upon a charge of molesting a female minor, contrary to Section 563.-160 RSMo 1949, V.A.M.S.

In this Court defendant now contends that (1) there was no substantial evidence to support the verdict, (2) that one of the jurors was disqualified under the statute, (3) that there were no women on the jury, (4) that the assistant prosecuting attorney was permitted to ask an improper question and made an improper argument to the jury, and (5) that the court erred in giving instruction 1 to the jury.

 From the evidence introduced upon the trial the jury could have found: that the prosecutrix, who was ten years of age at the time of the acts in evidence, lived with her parents two miles east of Southwest City, Missouri, and a half mile from where defendant lived; that one morning in November, 1950, defendant drove to the home of prosecutrix and secured permission from prosecutrix' mother for prosecutrix to drive with defendant into Southwest City; that prosecutrix' mother then requested defendant to also purchase a loaf of bread for her in Southwest City; that when prosecutrix and defendant reached Southwest City in defendant's car, defendant parked his car in front of the Nichols Store; that defendant asked prosecutrix if she wanted a candy bar, and upon receiving her affirmative reply defendant purchased a candy bar for her, bought the loaf of bread and then mailed a letter; that defendant then bought prosecutrix an ice cream cone;

That defendant then drove the car (and prosecutrix) through Southwest City and down a lane to the lower end of the city cemetery; that defendant there parked his car near a stone statue; that there were no houses nearby; that defendant then took a blanket from the trunk of his car. went across a fence and spread it on the ground; that defendant was down "on his knees (on the blanket) and asked me to come over there, he wanted to show me something"; that prosecutrix got out of the car and went over and stood by the fence; that when prosecutrix reached the fence defendant was "on the blanket with his privates in his hands"; that prosecutrix "got scared and ran back in the car"; that defendant then put the blanket back in the trunk of the car and entered the car with prosecutrix who had "scooted over" in the seat as far as she could; that defendant then "scooted over" by prosecutrix and "pulled my pants down to my knees * * * he (defendant) tried to get on top of me and I told him to stop"; that defendant "just kept on saying, 'let me do it, let me do it'"; that defendant had his hands on prosecutrix "trying to hold me down so I couldn't get loose"; that at that time defendant's trousers were unbuttoned and his privates were out; that prosecutrix told defendant to stop and said "If you don't let me alone, I'll tell my mother" and prosecutrix hit defendant on top of the head and was crying; that after about fifteen minutes defendant "quit bothering me" and drove out of the cemetery, and drove prosecutrix to her home. Prosecutrix also testified that, "He (defendant) told me not to tell anyone." Prosecutrix did not tell her mother of defendant's above conduct until some time later, "because I was scared. I was afraid something might happen."

Prosecutrix also testified that defendant thereafter came to her home and stood near the steps and in the yard, when she was there alone in the kitchen doing the ironing, called to her by name and said he wanted to show her something; that she thereupon became frightened and locked herself in the bathroom; and that after that incident prosecutrix told her mother of defendant's above set out conduct in the cemetery on the prior occasion.

Defendant testified that the *only* occasion he ever took prosecutrix to Southwest City

was September 7, 1948; that on that occasion he went there for some medicine; that he never took prosecutrix to any other place, and that after he had purchased the medicine on that occasion in Southwest City he took prosecutrix directly to her home; that that entire September, 1948, trip consumed only about thirty minutes; that prosecutrix was not in his car in November of 1950; that he never took prosecutrix to the cemetery, and never did expose himself to her or pull her pants down or attempt to get on top of her; that he never did at any time molest prosecutrix, place his hands on her, fondle her or expose himself to her.

The testimony above set out was substantial evidence to support the verdict returned by the jury, and defendant's first above noted contention must be overruled. State v. Kornegger, 363 Mo. 968, 255 S.W. 2d 765.

■ As to defendant's contention that one of the jurors was disqualified under the statute, this matter appears first in defendant's unverified motion for new trial and was not otherwise called to the attention of the trial court. It does not appear at all in the record of the trial. Examination of the transcript discloses that no objection was made at all to the juror named in the motion for new trial, or to any juror. Statements of fact asserted in the motion for new trial do not prove themselves and cannot be considered by an appellate court where the record of the case is silent with respect to such claimed matters of fact. State v. Burks, Mo.Sup., 257 S.W.2d 919, 921(5); State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774, 780(12); State v. Jacobson, 348 Mo. 258, 152 S.W.2d 1061, 138 A.L.R. 1154; State v. Wilson, 230 Mo. 647, 132 S.W. 238; Section 494.050 RSMo 1949, V.A.M.S. This contention of defendant is overruled.

■ It is next assigned as error that "the court should have called for jury service some women from McDonald County, but that there were no women in the 18 jurors called on the panel to serve as jurors in the case." The record before us does not disclose that women were not called to serve upon the jury. And the record does not disclose that defendant made any objection whatever to the jury panel, to its membership or that he made this complaint in the trial court, other than in the motion for new trial. The question having been first raised in his motion for new trial and that motion not proving the matters of fact therein asserted, we may not consider it on appeal. See cases last above cited and State v. Ready, Mo.Sup., 251 S.W.2d 680, 683; State v. Nichols, Mo.Sup., 165 S.W.2d 674, 675.

■ Defendant's brief next asserts that the trial court erred in permitting the assistant prosecuting attorney to ask a certain question of witness Fred Ream, a character witness called by defendant. At page 82 of the record, the question referred to is found to be: "Q. Well, did you ever hear anything about him taking a 15-year-old girl by the name of Frances Embough—Mr. Coyne (counsel for defendant) We object to the specific interrogatories. The Court: Objection overruled." There was no error in that ruling of the court, and that line of inquiry was not then further pursued. Other inquiries were later made respecting Frances Embough to which no objections were made. The contention is wholly without merit and is without record foundation and must be overruled.

■ During the course of the State's argument to the jury the counsel for the State said: "They don't take your little girl and my little girl in the presence of other witnesses. They go back in the back part of the cemetery or some place like that where they will not be disturbed. Mr. Coyne: We object to this line of argument and ask the jury be instructed to disregard it. The Court: Overruled."

We are cited to no authority to support defendant's contention of error. And we see no error in the trial court's ruling. It is our view that the statement by State's counsel was fairly inferable from the facts

before the jury and that it was legitimate argument in this instance. The jury knew, without it being argued to them, that men do not take minor female children for such purposes into the presence of witnesses. The contention of error is without merit and is denied.

 It is contended by defendant that Instruction No. 1 given by the court is erroneous in that the instruction predicated a finding of guilty as charged in the Information, if the jury found that defendant "on or about the 16th day of November, 1950, or any day within three years before March 3, 1953, the date of the filing of the information" committed the offense charged.

Defendant cites and relies on State v. Chittim, Mo.Sup., 261 S.W.2d 79, wherein the evidence of prosecutrix established that the alleged offense (an act of sexual intercourse with a female between the ages of 16 and 18) occurred on a day certain, to wit, August 7, 1951. In the Chittim case, supra, the testimony adduced by the defendant tended to establish an alibi for defendant as to such date. The instruction there predicated a finding of guilty upon the jury finding that defendant committed the offense "on the 7th day of August, 1951, or at any time within three years next before the filing of the information herein, to wit, October 6, 1952." This Court there ruled that the State presented the issue that the offense occurred on August 7, 1951, and that such issue was accepted by the defense; that therefore there was no foundation upon which to instruct that the offense took place on any other date; and that the words of the instruction "or at any time within three years next before the filing of the information" nullified the appellant's alibi defense which in that case was supported by the substantial evidence.

But the instant case is readily distinguishable from the situation ruled in the Chittim case, supra. In this case the Information alleges that the offense occurred on November 16, 1950, and from the evidence the jury could find that it did occur in November, 1950. In this case the testimony of defendant did not tend to establish an alibi. Defendant's testimony in this case admitted that he took prosecutrix to Southwest City in his car on only one occasion, and that such occasion was definitely upon September 7, 1948. He also testified that he had never upon any occasion molested prosecutrix or exposed himself to her. Defendant here simply denied that he ever did commit the offense, either upon November 16, 1950, or upon any other date. His defense was not an alibi. Under instruction No. 1 and under the law if the jury found defendant did commit the offense charged either on November 16, 1950, or upon any day within three years before the filing of the Information the jury could find defendant guilty. The jury's verdict found defendant guilty. The Chittim case is without any authority under the circumstances of the instant case.

Appellant was granted allocution and was sentenced in conformity with the jury's verdict. The record proper is free from error.

The judgment is affirmed. It is so ordered.

All concur.