STATE of Missouri, Respondent,

v.

Angelo FIELDS, Appellant.

No. 45374.

Supreme Court of Missouri.

Division No. 2.

Oct. 8, 1956.

**953**

an amount less than $30.00" and sentenced to five years' imprisonment.

The facts, as the jury could find them, were that about 12:30 a. m. on May 28, 1955, Philip Bauwens parked his car on Cole Street and walked north on 13th Street to Carr. Several young men were standing around the street corner and as Bauwens approached a "gangway" some of the boys "danced around him" and said, "White boy, white boy," and Isiah Johnson, one of the larger boys, struck Bauwens and knocked him down. As he lay on the sidewalk, "knocked out," Fields reached in his pockets and removed his pocketbook and probably his car keys and glasses case. The pocketbook, which Fields threw into a vacant lot after extracting the contents, contained about $10 in bills and coins. These facts were testified to by two of the boys in the group, one of whom, Willie Bramlett, was said to be the appellant's brother. Police officers and these two boys also testified that after Fields' arrest he admitted taking the pocketbook from Bauwens' pocket, "Only statement he made he went through the man's pocket."

■ Even though charged with robbery the jury could find the appellant guilty of the lesser offense of larceny from the person as the trial court instructed, if the evidence supported the charge. State v. Gardner, 356 Mo. 1015, 204 S.W.2d 716; State v. Parker, 262 Mo. 169, 170 S.W. 1121, L.R.A.1915C, 121. And upon this record there could be no doubt that the evidence supports the finding that the appellant was guilty of larceny from the person as the trial court appropriately hypothesized for the jury. State v. Smith, 190 Mo. 706, 90 S.W. 440; State v. Kendricks, Mo., 248 S.W. 578; State v. Strickland, Mo., 289 S.W. 557. The appellant admits, as he came from the Love-Me Restaurant, that he saw Bauwens down on the sidewalk and that "I ask another boy what happened, he say he don't know," but he denies that he took his pocketbook or glasses. But if

———◆———

Robert L. Spelbrink, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

Isiah Johnson and the appellant, Angelo Fields, were charged with robbery in the first degree. After a severance Fields was found guilty of larceny from the person "in

the state's testimony is to be accepted Fields put his hand in Bauwens' pocket and took his pocketbook which contained approximately $10 and that, obviously, is larceny from the person and a felony, V.A.M.S., § 560.195, and there was no evidence warranting either a charge or a finding of petit larceny. In larceny from the person the amount taken, whether more or less than $30, has to do solely with the punishment and not the degree of the offense. V.A.M.S. § 560.190. Aside from the fact that there is no evidence that the appellant was elsewhere at the time of the commission of the crime, State v. Armstead, Mo., 283 S.W.2d 577, there was no request for an alibi instruction and the court was therefore not bound to give one. State v. Brooks, Mo., 254 S.W.2d 642, 645; State v. Missey, 361 Mo. 393, 234 S.W.2d 777. As indicated, upon this record it is immaterial whether the evidence also supports a finding of first degree robbery, State v. Parker, supra, and the asserted fact, not shown by the record, "that the co-defendant, Isiah Johnson, was permitted to plead guilty to a common assault charge and received a sentence of 30 days in the City Jail" does not alter the matter in any respect or prove that they were not also guilty of the greater offense.

The remaining nine assignments of error may be disposed of summarily: The fact that the appellant was sentenced to five years' imprisonment for a theft involving a sum less than $10 does not prove that the punishment was excessive or that it could be reduced in this court, State v. Rohman, Mo., 261 S.W.2d 69; State v. Hagerman, Mo., 244 S.W.2d 49, he could have received a maximum sentence of seven years or a minimum sentence of not more than one year in jail. V.A.M.S. § 560.195. The jury did not find the appellant guilty of robbery, hence he is in no position to complain of error in the robbery instruction or of the instruction relating to an accomplice and their common purpose. State v.

Denison, 352 Mo. 572, 178 S.W.2d 449. It does not appear from the record that "no colored men or women" were on the jury panel, there was no such objection upon the trial of the case except in the motion for a new trial and that, of course, does not prove or properly raise any such question. State v. Childers, Mo., 268 S.W.2d 858; State v. Ready, Mo., 251 S.W.2d 680. The other assignments of error in the motion for a new trial, that the verdict is against the law and the weight of the evidence or was the result of bias and prejudice, that the court erred in excluding competent, relevant and material evidence, have in effect been disposed of, but in any event do not present reviewable questions. V.A.M.S. § 547.030; 42 V.A.M.S. Sup.Ct. Rule 27.20; State v. Sheard, Mo., 276 S.W.2d 191; State v. Burks, Mo., 257 S.W.2d 919.

As indicated in the beginning, the information included the offense of larceny from the person, State v. Gardner, supra, the verdict is in proper form and responsive to the information, there was allocution and the sentence and judgment are proper and responsive to the verdict. V.A.M.S. §§ 546.560, 546.570; 42 V.A.M.S. Sup.Ct. Rules 27.08, 27.09. Since no error is found or demonstrated upon the transcript the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

EAGER, P. J., STORCKMAN, J., and JAMES W. BROADDUS, Special Judge, concur.

LEEDY, J., not sitting.