**STATE of Missouri, Respondent,**

v.

**Thomas James ROBERTS, Appellant.**

No. 47635.

Supreme Court of Missouri,

Division No. 2.

March 14, 1960.

Gerald Cohen, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Robert E. Hogan, Sp. Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Thomas J. Roberts appeals from a judgment imposing a sentence of life imprisonment for an assault on Willie Banks with intent to kill and with malice aforethought. The jury, on March 24, 1959, found defendant guilty under the habitual criminal act. Sections 559.180 and 556.280 RSMo 1949, V.A.M.S. Defendant has not filed a brief and we have for consideration his motion for new trial which, under the record, had little or nothing upon which to base error. Briefly of the facts.

The assault occurred at an automobile service station located at 4610 Page, St. Louis, Missouri. Willie Banks and Willie Archer worked on the night shift at the station. Defendant had worked at the station but had been discharged. Banks had worked there for about a week. He first saw defendant on the night of December 16, 1958, when defendant drove into the station. The following conversation ensued when Banks went to serve defendant. Defendant "said, 'Don't you let these white folks make no fool out of you.' So I said, 'I don't let nobody make no fool out of me.' So then he says, 'I want you to give me five quarts of oil.' I said, 'You want me to give you five quarts of oil or do you want to buy five quarts of oil?' He said, 'I want you to give me five quarts of oil.' So I said, 'Well, I'll be. You just got through telling me not to let the white folks make a fool out of me. Here you're trying to make a fool out of me.' I walked away from the car."

Between 12:30 and 1:00 a. m. of December 17, 1958, defendant again drove into the station, stopped in front of the office door, got out and stood with his back to the door. There are two sets of pumps of two pumps each at the station. Archer was at one set of the pumps and Banks at the other set servicing cars. Archer, having served his customer, started to help Banks. Defendant called to Archer to come to him. When Archer approached and asked what he wanted, defendant said: "You all are sure acting pretty damn chicken about that oil." Archer told defendant: "I can't give you that white man's oil," and started away. Defendant said: "Come back here, nigger," and when Archer walked close to him, defendant said: "I want to get both of you niggers together." When Banks finished serving his customer, he walked up to where Archer and defendant were standing, stopping on the right of and close to defendant. Archer was on the other side of defendant. Defendant pushed Banks but pretended that Banks had pushed him, and said: "Don't push me, nigger." Banks said: "I didn't touch you." Defendant then put a pistol, in his right hand, on Banks and, immediately afterwards, a knife, in his left hand, on Archer, started cursing them, and said: "I will kill both of you." With that, Banks started running away. Defendant said: "Come back here, nigger," and shot twice. Banks hollered. Archer ran around defendant's car, saying: "You done killed that man." Defendant said "Yeah, goddamn you, you better not tell it," got into his car and drove away.

Defendant was arrested later in the day while in his car. A .32 caliber semi-automatic pistol and a knife, found in the car, were identified as the weapons used by defendant.

Banks had been shot in the back, was severely wounded, was in a hospital until January 31, 1959, and had approximately eighty-five per cent of his colon removed in two operations.

Defendant took the stand and gave testimony to the effect that he acted in self-defense, upon which issue the court instructed, and admitted that he had been previously convicted of manslaughter, imprisoned and discharged.

■ The foregoing testimony was sufficient to sustain the charge that defendant was guilty of an assault on purpose and of malice aforethought with intent to kill Willie Banks. State v. Fine, 324 Mo. 194, 23 S.W.2d 7, 9[2]; State v. Ayers, Mo., 305 S.W.2d 484, 486[1–3].

■ Under 42 V.A.M.S. Supreme Court Rule 27.20 assignments in motions for new trial are to set forth in detail and with particularity the matters complained of and the grounds for the error relied upon. State v. Hall, Mo., 102 S.W. 2d 878[1]; State v. Buckner, Mo., 80 S.W. 2d 167[11]. The following assignments in defendant's motion for new trial do not comply with Rule 27.20 and preserve nothing for appellate review:

"The verdict was against the weight of the evidence." State v. Benjamin, Mo., 309 S.W.2d 602, 607[10]; State v. Hall, supra [4].

"The verdict was against the law." State v. Daegele, Mo., 302 S.W.2d 20, 22[2].

"The verdict was against the law and the evidence." State v. Turner, Mo., 320 S.W.2d 579, 586[17].

"The closing argument on behalf of the State was an appeal to bias and prejudice." State v. Mathews, Mo., 328 S.W.2d 642, 645[5]; State v. Ruffin, Mo., 286 S.W.2d 743, 749[20].

■ The remaining assignment is that "the jury panel assembled for the state was illegal, improper, in violation of defendant's constitutional rights in that said jury panel came from one ward or section of the city and was not representative of the City of St. Louis." Passing any issue with respect to its sufficiency, we find nothing of record disclosing that any rights of defendant were violated in the selection of the jury panel. Assignments in motions for new trial do not prove themselves. State v. Childers, Mo., 268 S.W.2d 858[2]; State v. Whitaker, Mo., 312 S.W.2d 34[2]. The situation of record is much the same as that in State v. Childers, supra [3]. See State v. Fields, Mo., 293 S.W.2d 952[9]; State v. Ramsey, 355 Mo. 720, 197 S.W.2d 949[1–3].

Our examination of the record, including those matters which need not be preserved or presented for appellate review, discloses no prejudicial error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.