**STATE of Missouri, Respondent,**

v.

**Marjorie TISDALE, Appellant.**

No. 48696.

Supreme Court of Missouri,

Division No. 1.

Feb. 12, 1962.

Philip Eveloff, St. Joseph, for appellant.

Thomas F. Eagleton, Atty. Gen., James J. Murphy, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

A jury convicted Marjorie Tisdale of murder in the second degree and fixed her punishment at ten years in the Department of Corrections. She has appealed.

The state made a submissible case by adducing evidence which tended to show these facts. Marjorie, 37, and her mother, 74, occupied the same house in St. Joseph. There was a gangway about three feet wide separating the north wall of their house and the south wall of the next house to the north. Mrs. Tisdale, the mother, was paralyzed on her right side and during the days usually occupied a divan close to a north window.

During the afternoon of August 19, 1960, some of the neighbors in the house to the north were playing cards at a kitchen table located about 12 feet from the Tisdale's north window. They heard Marjorie call her mother vile names and tell her to get up and walk. They heard the mother answer that she could not walk and ask Marjorie to let her alone and heard her cry and moan. They heard sounds as of one person slapping another. Those events covered a period of about 15 or 20 minutes. Shortly thereafter, they, as well as another neighbor, saw Marjorie throwing automobile parts, fenders and radiators which were on the Tisdale front porch, out onto the street so that it was partially blocked for automobile traffic. At that time, the dress she was wearing was covered with blood.

Police officers who arrived about 5:15 found Mrs. Tisdale, the mother, lying on the floor in a pool of blood, with bruises and marks on her body and both of her eyes black. They found that a large vase or lamp had been broken and, as they began to move her, a piece of glass fell from her hair onto the floor. About three feet from her was a brick with human blood and hair on it.

A pathologist who examined the body at 6:30 testified that Mrs. Tisdale had sustained a small contused laceration of the scalp, many large bruises on her face involving both eyes and extending over the area of both cheeks, hemorrhages of the thin membrane over the eyes, many small lacerations of the chin, small cuts on the face, a small cut on the upper lip, a laceration of the right ear and one of the nose, small bruises and lacerations on the neck, bruises of various sizes over the surface of her chest, a bruise on each shoulder, a small bruise on the right mammary gland, large bruises on both forearms and hands, and a recent abrasion on each hand. There were extensive hemorrhages beneath the scalp. The second cervical vertebra had been fractured with dislocation, and the spinal cord had been macerated or mashed. In the opinion of the doctor, death was due to a fracture dislocation of the second cervical vertebra with acute compression of the spinal cord or, in common parlance, a

broken neck. The injury received would have required a severe blow but could have been produced by one applying force by means of a brick.

Defendant denied hitting her mother and explained her mother's injuries as having been sustained when the witness was assisting her to the bathroom; her mother fell, hit her head on a table and broke a vase or lamp. Marjorie testified that no other person was present during the occurrence involving the injuries to her mother.

 Considering as true the evidence favorable to the state and the favorable inferences reasonably to be drawn therefrom, and rejecting evidence to the contrary, it is clear that there was substantial evidence from which the jury reasonably could have found that defendant was guilty of murder in the second degree.

Defendant has filed no brief and, consequently, we examine the three assignments of error in her motion for new trial. The first and second assignments were, respectively, that the "verdict of the jury was against the weight of the evidence" and that instructions "2, 3, 4, 5, 6 and 7 given in behalf of the State were erroneous and improper." Each of the foregoing assignments is too general to preserve anything for appellate review. State v. Roberts, Mo., 332 S.W.2d 896, 898 [2–5]; State v. Brewer, Mo., 338 S.W.2d 863, 868 [9, 10].

Defendant's third new trial assignment was that the court "erred on the voir dire examination of all prospective jurors in this cause, in that the Court permitted said jurors to invade the province of the Court by passing upon their own qualification to afford the defendant a fair and impartial trial." The voir dire examination referred to in the foregoing assignment is not in the transcript before us and, consequently, the alleged error may not be reviewed. State v. Thompson, Mo., 299 S.W. 2d 468, 472 [6].

We have found no prejudicial error in connection with those matters which we review upon the record before us even though defendant has made no allegation of error with respect to them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.