STATE of Missouri, Respondent,

v.

Frederick A. RANK, Appellant.

No. WD 34306.

Missouri Court of Appeals,
Western District.

March 13, 1984.

William M. Chapman, Sedalia, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PER CURIAM.

Defendant appeals from a judgment of the Circuit Court of Pettis County convicting him of attempted stealing of property

valued in excess of $150., § 564.011, R.S. Mo.1978 (defining attempt), § 570.030, R.S. Mo.Supp.1983 (defining stealing), and sentencing him to six years' imprisonment. The defendant had been found by the court to be a persistent offender as defined in § 558.016.3, R.S.Mo.Supp.1983. The defendant now complains of improper submission to the jury of the attempted stealing because the evidence established a consumated theft. We affirm the judgment.

On April 13, 1982, defendant, in the company of Michael Lawson, went to a privately owned junk yard in Pettis County. The owner of the junk yard, William Eads, discovered them and saw the two men standing over a pile of material which later proved to be heater cores and miscellaneous copper tubing and copper wiring.

At trial, defendant admitted having collected the copper items from the junk yard, his defense being that he thought the property had been abandoned.

The trial court instructed the jury concerning completed stealing as well as attempted stealing. The court instructed concerning both felony and misdemeanor offenses because of Mr. Eads' testimony that the stolen property was worth $245.00 and defendant's testimony that it was only worth $25.00 to $30.00.

▮ In his single point on appeal, defendant contends that the jury should not have been instructed about attempted stealing (either felony or misdemeanor) since all the evidence proved, if anything, the completed offense of stealing. Putting to one side the defense of abandonment which the jury rejected, the evidence did prove completed stealing. The evidence did not show that the completed offense of stealing was in any way frustrated. The discussion in the briefs concerns whether the evidence showed appropriation of the property within the meaning of the statute. § 570.030.1, R.S.Mo.Supp.1983. The state's evidence, confirmed by the defendant's own testimony, was that the property was collected from around the junk yard and stacked in one central area where, presumably, it would later have been loaded into defendant's automobile. Such an exercise of dominion and control over the property is sufficient to prove appropriation. *State v. West*, 629 S.W.2d 429 (Mo.App. 1981) (removal of camper shell from display vehicle and setting it on the ground preparatory to transfer of it to another vehicle was sufficient appropriation to sustain conviction of completed stealing even though the thief was caught before placing the shell on the second vehicle).

Based on the premise that the evidence showed a completed theft, not merely attempted stealing, defendant argues that the trial court erred in instructing on the offense of attempted stealing. At one time, defendant's argument would have had merit. Formerly, the offense of attempt required, as an element, failure to complete the target offense. § 556.150, R.S.Mo.1969 (repealed 1979). As a result, when the evidence showed that the offense had been completed, a defendant could not be convicted of attempting to commit the target offense. § 556.160, R.S.Mo.1969 (repealed 1979); *State v. Harris*, 539 S.W.2d 617 (Mo.App.1976). The governing principle was that attempt was not a lesser included offense of the target offense because proof of the attempt required proof of an element (namely, failure) which was not an element of the target offense.

Beginning January 1, 1979, however, the new criminal code eliminated failure as an element of attempt. § 564.011, R.S.Mo. 1978. Further, § 556.046, R.S.Mo.1978 (defining included offenses) states the general principle that an attempt is a lesser included offense of the target offense. While the trial court "shall not be obligated" to instruct the jury regarding lesser included offenses unless the evidence supports acquittal of the greater and conviction of the lesser, § 556.046.2, the statute does not prohibit instructions about offenses which are defined as included offenses. Attempt is specifically defined as a lesser included offense of the completed offense. § 556.046.1(3).

Moreover, even if the trial court's action in this case is regarded as error, that error

favored the accused since he was convicted of a less serious offense than that fully proved. A defendant may not complain of an instructional error which operates to his advantage. § 545.030.1(17), R.S.Mo.1978 ("No ... judgment [shall be] in any manner affected ... because the evidence shows or tends to show him to be guilty of a higher degree of the offense than that of which he is convicted."). *State v. Gardner*, 356 Mo. 1015, 204 S.W.2d 716 (1947) ("it does not follow that because a defendant is not entitled to such an instruction that it is error of which he can complain when the court does so instruct"); *see also State v. Pollock*, 603 S.W.2d 614, 624 (Mo.App.1980). Thus, any error which may have occurred did not prejudice the defendant.

Since the most that can be said is that the evidence showed defendant to be guilty of completed stealing and that the jury convicted him of the lesser included offense of attempted stealing, the judgment of the circuit court must be affirmed. *State v. Roland*, 619 S.W.2d 771 (Mo.App.1981) (affirming conviction of attempted stealing where completed offense was shown).